**JOHN C. ELLIS, JR.**
California Bar No. 228083
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ROGER T. BENITEZ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**MARKO ALEXANDRO GOMEZ-CANCINO,**<br>Defendant. | ) | Case No. 08mj1160<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL FROM MAGISTRATE JUDGE DISQUALIFICATION OF DEFENSE COUNSEL.** |

**I.**

**PROCEDURAL HISTORY**

On May 9, 2008, this Court heard argument on defendant Marko Alexandro Gomez-Cancino's appeal from the disqualification of his counsel, John C. Ellis, Jr. and Federal Defenders of San Diego, Inc., by the Honorable Magistrate Judge Jan M. Adler. The Court requested further briefing on the appropriate standard of review of a magistrate judge's ruling disqualifying defense counsel.

This supplemental points and authorities follows.

**II.**

**A MAGISTRATE JUDGE'S ORDER DISQUALIFYING DEFENSE COUNSEL IS REVIEWED *DE NOVO* BY THE DISTRICT COURT**

Magistrate Judge Adler's motion disqualifying Federal Defenders should be reviewed *de novo*. See Trone v. Smith, 621 F.2d 994, 998 (9th Cir. 1980) ("The district court reviewed *de novo* the magistrate's conclusions and denied the motion for disqualification of the Wyman firm"). In United States v. Schafer, No. CR. S-05-0238, 2006WL3741855, *1, (E.D.C.A. December 19, 2006) (order), the government filed a motion

to disqualify defense counsel in magistrate court. The magistrate judge entered findings and recommendations that the government's motion should be denied. Id. The government objected to the magistrate judge's ruling. Id. The district court indicated that *de novo* was the appropriate review of a magistrate judge's ruling on a motion to disqualify counsel. Id.; but see United States v. Bennett, No. 06-00068, 2006WL2793170 (D. HI September 27, 2006) (order) (finding that the clearly erroneous standard is the appropriate standard of review for magistrate judge's order disqualifying defense counsel's *pro hac vice* admission).

Reviewing a magistrate judge's order disqualifying counsel *de novo* is consistent with the standard employed on appeal. See United States v. Edelmann, 458 F.3d 791, 806 (8th Cir. 2006) ("We review issues regarding the disqualification of attorney *de novo*."); Cf. United States v. Bailey, 327 F.3d 1131, 1138 (10th Cir. 2003) (finding that "where a defendant's Sixth Amendment right to counsel is implicated, and where the district court's decision is premised not on in-court conduct but on the interpretation of ethical norms as applied to undisputed facts, our review is *de novo*."); see also United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (reviewing the district's court order disqualifying retained counsel's pro hac vice status *de novo*).

Accordingly, this Court should review *de novo* Magistrate Judge Adler's order granting the government's motion to disqualify Federal Defenders of San Diego.

## III.

## CONCLUSION

For the reasons listed above, and those previously presented, counsel hereby moved this Court reverse the disqualification order.[1]

Respectfully submitted,

Dated: May 14, 2008

*/s/ John C. Ellis, Jr.*
JOHN C. ELLIS, JR.
Federal Defenders of San Diego, Inc.

---

[1] At the May 9th hearing, defense counsel indicated that he was prepared to submit a declaration from Stephen Demik, an attorney at Federal Defenders of San Diego, to counter the government's forthcoming under seal/ex parte declaration. As this Court pointed out, considering defense counsel does not know what information will be contained in the government's declaration, the counter declaration is probably not well placed. It is still worth noting, however, that based on the information provided by Mr. Demik, it seems that the government attorney's proffer to Judge Adler regarding Federal Defender's alleged conflict, which was apparently based on a meeting the government had with Mr. Demik's client, was misleading at best.